UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY THOMPSON, | ) | Case No. 1:18CV1777 |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| SECRETARY OF THE U. S. DEP'T OF | ) | |
| VETERANS AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | REPORT AND RECOMMENDATION |

Pending before this court is Defendants' Partial Motion to Dismiss for lack of subject

matter jurisdiction and failure to state a claim upon which relief can be granted.  (R. 16.)  For the

reasons set forth herein, the Magistrate Judge RECOMMENDS that the defendants' partial

motion to dismiss be GRANTED.

I.    **Background**

Plaintiff Leroy Thompson (Plaintiff or Thompson) has filed suit against the Secretary of

the United States Department of Veterans Affairs (VA); Steven Gaj, Chief Information Officer at

the Louis Stokes VA Medical Center; and David Speronoga, supervisor at the Louis Stokes VA

Medical Center, (collectively, the defendants).  Defendants Gaj and Speronoga are sued in their

official capacity.[1]  (R. 12, PageID #: 71, 74.) (R. 16).  Plaintiff initiated this action *pro* se, but

through counsel filed the amended complaint.  The amended complaint avers, in pertinent part,

that he is African-American, over the age of forty, and has worked for the United States

---

1  A suit against an official in his official capacity is essentially a suit directly against the
government unit. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989), *cert.
denied*, 495 U.S. 932 (1990) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985)); *Turner
v. Shinseki*, 824 F.Supp.2d 99, 112 (D. D.C. 2011).

Department of Veterans Affairs Louis Stokes VA Medical Center as an Information Technology

Specialists in the Office of Information and Technology since 2004.  (R. 12 at PageID# 73 ¶ 12,

p. 76 ¶ 26).  Thompson's amended complaint states he has filed four EEOC complaints.

Pertinent to Defendants' Motion, Plaintiff avers that "on or about May 3, 2018, the EEOC issued

a notice of right to sue letter to Thompson.  Accordingly, Thompson has exhausted his

administrative remedies."  *Id.* at PageID # 85, ¶71.

Defendants' Partial Motion to Dismiss moves the court to dismiss part of Claims One and

Two under Title VII of the Civil Rights Act, 42 U.S.C. §2000e-3(a), as well as Claims Three and

Four alleging claims under the Fourteenth Amendment, 42 U.S.C. §§ 1981 and 1983, Claim Five

alleging claims under the American with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and

Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, and Claim Six alleging

claims under Ohio Rev. Code § 4112.02(I).  (R. 16).  Plaintiff has filed a brief in opposition (R.

19), and the defendants have filed a reply brief (R. 20).

For the following reasons, the Magistrate Judge finds that the court lacks subject matter

jurisdiction over Plaintiff's claims as alleged under the the Fourteenth Amendment, § 1981 and

§1983, ADA, FMLA and Ohio Rev. Code § 4112.02(I); and, Plaintiff has failed to state a cause

of action for claims under Title VII that are unexhausted.

## II.  Legal Standard

### A.  Federal Civil Rule 12(b)(1) Standard

Civil Rule 12(b)(1) allows for dismissal of a claim for "lack of subject-matter

jurisdiction."  Fed. R. Civ. P. 12(b)(1); *see also Moir v. Greater Cleveland Reg'l Transp. Auth.*,

895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).  When the

defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears

the burden of establishing jurisdiction.  *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000) (citing *Moir*, 895 F.2d at 269); *GTE North, Inc. v. Strand*, 209 F.3d 909, 915 (6th Cir.), *cert. denied*, 531 U.S. 957 (2000).

The court can look outside the pleadings to resolve a factual attack in a Rule 12(b)(1) motion to dismiss.  Once a defendant has made a factual attack[2] through a Rule 12(b)(1) motion, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Savage v. Glendale Union H.S., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), *cert. denied, 541 U.S. 1009 (2004); see also Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir.  2007); *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (permissible for court to review evidence outside pleadings); *Nichols*, 318 F.3d at 677 (same).  In the context of a Rule 12(b)(1) motion, however, this supplemental evidence does not convert the motion into a motion for summary judgment.  *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986).

**B.  Federal Civil Rule 12(b)(6) Standard**

Civil Rule 12(b)(6) allows for dismissal of a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Such a motion tests the sufficiency of the complaint.  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  The court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept

---

2  A factual attack is not a challenge to the sufficiency of the allegations of the complaint, but a challenge to the factual existence of subject matter jurisdiction.  *Maldonado Parra v. Gonzales*, No. 4:04CV920, 2006 WL 2463665, at *3  (N.D. Ohio Aug. 21, 2006) (citing *Walters v. Leavitt*, 376 F.Supp.2d [746], 752 (E.D. Mich. 2005)).

all factual allegations as true.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997).  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

The Supreme Court stated that "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Twombly*, 550 U.S. at 563 n.8.  The function of the court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses.  *Miller*, 50 F.3d at 377.  Rather, the court is simply to determine "whether a complaint states a plausible claim for relief."  *Iqbal*, 556 U.S. at 679.

In *Ashcroft v. Iqbal*, the Court summarized the "plausibility" standard for dismissal under Rule 12(b)(6) as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 554, 555, 557).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the

4

Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (*citing Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

## III.    Analysis

### A.  Federal Employment Laws

Federal employment discrimination statutes provide the exclusive judicial remedies for discrimination in federal employment. *Brown v. GSA*, 425 U.S. 820, 835 (1976); *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009); *Ryan v. McDonald*, 191 F. Supp. 3d 729, 736 (N.D. Ohio 2016); *Turner v. Shinseki*, 824 F.Supp.2d 99, 113 (D. D.C. 2011); *Nighswander v. Henderson*, 172 F.Supp.2d 951, 965 (N.D. Ohio 2001). Title VII prohibits discrimination in employment on the basis of race, color, religion, sex and national origin, and provides the exclusive remedy for such claims in federal employment. *Hunter*, 565 F.3d at 993 (citing *Brown*, 425 U.S. at 829-835.)

#### 1.  Title VII claims

The first and second Claims of the amended complaint allege employment discrimination and retaliation, based on race, age and hostile work environment, in violation of Title VII, 42 U.S.C. §2000e-3(a) against defendant VA.  The VA asserts that Plaintiff's age discrimination claim under Title VII must be dismissed; and, further moves the court to dismiss plaintiff's Title VII claims that have not been exhausted.  (R. 16-1, PageID #: 137-141, see *also id.*, at 133-134.)

##### a.  Age Discrimination

The first claim of the amended complaint alleges discrimination and retaliation, in violation of Title VII, based in part on age, against defendant VA.  (R. 12, PageID #: 87-92, ¶¶

87, 89, 90, 97-100.)  The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, not Title VII, concerns age discrimination in employment against persons over the age of forty and provides the exclusive remedy for age discrimination claims in federal employment. *Hunter*, 565 F.3d at 993 (citing *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006); *Blakely v. United Servs. Auto. Ass'n*, No. 99-1046, 1999 WL 1053122, at *3 (M.D. Fla. Oct. 4, 1999). Although Thompson alleges discrimination on the basis of age, he does not base his claim on the ADEA, but rather on Title VII.  (R. 12, PageID #: 87-89, ¶¶ 85, 89, 90.)  The age discrimination claim under Title VII should be dismissed.

### b.  Title VII Exhaustion

The VA moves under Rule 12(b)(6) to dismiss as unexhausted a subset of Plaintiff's Title VII claims in Claims One and Two of the amended complaint.  (R. 16-1, PageID #: 130.) Thompson does not contest defendant's assertion that certain of his claims have not been exhausted, but argues instead that exhaustion is no longer required.  (R. 19, PageID #: 217-224.)

A person who claims to have been discriminated against in violation of Title VII may not bring suit in federal court unless the person has exhausted his administrative remedies.  *Hunter*, 565 F.3d at 993 (citing *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991)); *Randolph v. Ohio Dept. of Youth Serv.*, 453 F.3d 724, 731 (6th Cir. 2006) (citing *Brown*, 425 U.S. at 832); *see generally* 42 U.S.C. § 2000e-5(f)(1).  Moreover, it is the scope of the EEOC charge which determines federal jurisdiction.  *Weigel v. Baptist Hosp. of E. Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002); *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir. 1980).  If a plaintiff does not first present a claim to the EEOC, that claim may not be brought before the federal court.  *Weigel*, 302 F.3d at 380 (judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination).

Thompson opposes the motion to dismiss, arguing that defendant's "legal position is based on outdated federal law" and that exhaustion of administrative remedies is not a prerequisite or a precondition to suit for Title VII claims.  *See* R. 19, PageID #: 217-220.  Thompson's argument, however, is not persuasive.  For example, Thompson cites the Supreme Court cases *United States v. Kwai Fun Wong* and *Arbaugh v. Y & H Corp.*, in support of his theory.  (R. 19, PageID #: 218.)  But neither of these cases found that exhaustion of administrative remedies was not required for Title VII claims.  In *Kwai Fun Wong*, the Supreme Court found that time limitations under Federal Tort Claims Act were non-jurisdictional and were subject to equitable tolling.  *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).  In *Arbaugh*, the Court ruled that Title VII's fifteen-or-more-employees threshold requirement was non-jurisdictional, such that a defendant could waive that defense.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).  Thompson's reliance upon *Gad v. Kansas State University* is also misplaced because in that case the Tenth Circuit found that the verification requirement of a complaint before the EEOC was not jurisdictional.  *Gad v. Kansas State University*, 787 F.3d 1032, 1038 (10th Cir. 2015).  Despite that finding, the Tenth Circuit did not disturb the exhaustion requirement.  *Gad*, 787 F.3d at 1040.

Thompson further contends that the majority of circuits have held that Title VII exhaustion is not a jurisdictional barrier to filing suit.  (R. 19, PageID #: 219, citing cases.)  The defendant agrees that Title VII's exhaustion requirements are not jurisdictional.  (R. 20, PageID #: 228.)  But the defendant does not base its motion to dismiss certain Title VII claims on Rule 12(b)(1) (lack of subject-matter jurisdiction); rather, the VA asserts under Rule 12(b)(6) that Plaintiff has failed to state a claim upon which relief can be granted.  (R. 16-1, PageID #: 130.)  Indeed, the Sixth Circuit has characterized administrative exhaustion in the Title VII context as a

mandatory prerequisite, or a condition precedent, rather than a jurisdictional requirement. *See, e.g.*, *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998); *Donahoo v. Ohio Dep't of Youth Servs.*, 237 F.Supp.2d 844, 861 (N.D. Ohio 2002).

Among the cases cited by Thompson is *Fowlkes v. Ironworkers Local 40* (R. 19, PageID #: 219 n.7), in which the Second Circuit addressed the relevant distinction:

> It is well established that Title VII requires a plaintiff to exhaust administrative remedies before filing suit in federal court. *See, e.g.*, *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2010) (citing 42 U.S.C. § 2000e5(e) and (f)); *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (same). "The purpose of this exhaustion requirement is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998) (internal quotation marks omitted). The administrative exhaustion requirement applies to pro se and counseled plaintiffs alike. *See Pikulin v. City Univ. of N.Y.*, 176 F.3d 598, 599-600 (2d Cir. 1999) (per curiam).

> "Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII ... statutory scheme[ ]"; accordingly, it is "a precondition to bringing such claims in federal court." *Legnani*, 274 F.3d at 686 (internal quotation marks omitted); *see also Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) ("As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies...."). The weight of precedent demonstrates that administrative exhaustion is not a jurisdictional requirement; rather, it is merely a precondition of suit and, accordingly, it is subject to equitable defenses.

*Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015); *see also, e.g.*, *Vera v. McHugh*, 622 F.3d 17, 29-30 (1st Cir. 2010) (exhaustion requirement is not jurisdictional, but subject to equitable doctrines, although First Circuit takes "a narrow view of equitable exceptions to Title VII exhaustion requirements[,]" quoting *Frederique-Alexandre v. Dep't of Nat'l & Envtl. Res.*, 478 F.3d 433, 440 (1st Cir. 2007)). The Second Circuit stated that the practical effect of the difference is that a court has no authority to create equitable exceptions to jurisdictional requirements, while "a mandatory but nonjurisdictional prerequisite to suit may be

subject to equitable defenses." *Fowlkes*, 790 F.3d at 385-386.  Thompson's opposition does not seek equitable relief to the exhaustion requirement.

Thompson also cites *Adamov v. U.S. Bank Nat. Ass'n* in support of his assertion that Title VII exhaustion is not jurisdictional.  (R. 19, PageID #: 219 n.7.)  In *Adamov*, the district court granted summary judgment on a Title VII retaliation claim, stating that while the defendant had not raised exhaustion of administrative remedies in their motion, the court raised it "sua sponte as a threshold matter of [the] court's subject matter jurisdiction."  *Adamov v. U.S. Bank Nat. Ass'n*, 776 F.Supp.2d 447, 450 (W.D. Ky. 2011).  The Sixth Circuit reversed on that claim, finding that exhaustion was not jurisdictional, and the defendant had waived the exhaustion argument by not raising it as an affirmative defense.  *Adamov v. U.S. Bank Nat. Ass'n*, 726 F.3d 851, 856 (6th Cir. 2013).  Thompson's opposition does not argue defendant waived the exhaustion requirement.

In contrast to Thompson's contention that the exhaustion requirement for Title VII claims is based on "outdated federal law," the Sixth Circuit has repeatedly reaffirmed that a plaintiff must exhaust administrative remedies before filing a Title VII claim in federal court.  *See, e.g.*, *Hurst v. Dep't of Veterans Affairs*, No. 18-3185, 2018 WL 4178851, at *1 (6th Cir. July 19, 2018) (plaintiff must exhaust administrative remedies, citing *Green v. Brennan*, 136 S. Ct. 1769, 1775 (2016)); *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018); *Jones v. Rutherford Cty. Bd. of Educ.*, No. 17-5524, 2018 WL 2666682, at *1 (6th Cir. Feb. 14, 2018); *Hunter*, 565 F.3d at 993.  Administrative exhaustion is a condition precedent to filing suit.  *See, e.g.*, *Rivers*, 143 F.3d at 1032; *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989); *Simpson v. First USA Mgmt.*, No. 2:06CV270,  2006 WL 2192472, at *1 (S.D. Ohio Aug. 1, 2006); *Donahoo*, 237 F.Supp.2d at 861.

Thompson's amended complaint references four EEOC claims.  The defendant acknowledges that Thompson filed four EEOC claims, but contends that only one such filing is properly before this court.[3]  Defendant concedes that one claim (R. 16-3; Agency Case No. 200H-0005-2015103805) has been administratively exhausted, but asserts that a different EEOC claim (R. 16-2; Agency Case No. 200H-0005-2014102480) is not directly reflected in the allegations asserted in the amended complaint,[4] and two additional EEOC claims have not been exhausted (R. 16-6; Agency Case No. 200H-0005-2018102350 and R. 16-8; Agency Case No. 200H-0005-2019100202).  (R. 16-1, PageID #: 133-134, 137-141; *see generally* R. 12, PageID #: 76, ¶ 22.)

The amended complaint pleaded that Thompson received a right-to-sue letter dated May 3, 2018, for the claims in R. 16-3, Agency Case No. 200H-0005-2015103805, which was thereby exhausted.  (R. 12, PageID #: 85, ¶ 71; *see also* R. 16-1, PageID #: 133; R. 16-4; R. 16-5.)  Thompson's brief in opposition does not contest defendants' assertions that his other Title VII claims have not been exhausted.  (R. 19, PageID #: 217-224.)  Therefore, it is recommended that

---

[3]  The motion to dismiss references a Declaration of James Jindra (see, e.g., R. 16-1, PageID #: 131), but no such declaration is attached to the motion.  However, the underlying exhibits (concerning plaintiff's EEOC complaints) have been attached.  *See generally* R. 16.  The plaintiff does not dispute the authenticity of the exhibits.  Where an opposing party does not contest the movant's assertion of facts, "the district court may "consider the fact undisputed for purposes of the motion."  *Ondo v. City of Cleveland*, 795 F.3d 597, 603 (6th Cir. 2015) (citing Fed.R.Civ.P. 56(e)(2)); *Webb v. Shelby Cty. Sch.*, No. 2:16CV2033, 2017 WL 685777, at *3 (W.D. Tenn. Jan. 31, 2017), *adopted by*, 2017 WL 685581 (W.D. Tenn. Feb. 21, 2017) (quoting *Ondo*); *see also Grimes v. District of Columbia*, 794 F.3d 83, 92 (D.C. Cir. 2015) (court may consider fact undisputed if it has not been materially disputed by nonmovant); *Thurmond v. Bowman*, 211 F. Supp. 3d 554, 562 (W.D. N.Y. 2016).  The court thus considers the exhibits to be undisputed.

[4]  Thompson alleges that retaliation commenced with the filing of this EEOC complaint, but does not base the amended complaint herein on its underlying allegations.  *See generally* R. 12, PageID #: 77-78.  Therefore, Plaintiff has not plead Agency Case No. 200H-0005-2014102480, (R. 16-2) as an actionable claim.

the Title VII claims that were not raised in Agency Case No. No. 200H-0005-2015103805 be dismissed for failure to exhaust administrative remedies.

In his exhausted EEOC complaint, No. 200H-0005-2015103805, Thompson raised claims of discrimination on the basis of race,[5] alleging a hostile work environment and retaliation, during April 2015 through August 2015.  Defendants have not moved to dismiss those claims and they are properly before this court.  *See* R. 16-3, Agency Case No. 200H-0005-2015103805; PageID #: 155-156; *see generally* R. 12, PageID #: 77-78, ¶¶ 30-32.

## 2.  Americans with Disability Act

The fifth claim of the amended complaint alleges discrimination and retaliation, based on violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, against defendants VA, Gaj, and Speronoga.  (R. 12, PageID #: 98-101, ¶¶ 135-137, 140, 144-147.)  It is the Rehabilitation Act, 29 U.S.C. § 794(a), not the ADA, that is the exclusive means for federal employees to assert disability discrimination in federal court.  *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (citing *Peltier v. United States*, 388 F.3d 984, 989 (6th Cir. 2004)); *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998).  The disability discrimination claim under the ADA should be dismissed.  *Nighswander*, 172 F.Supp.2d at 965.

## 3.  ADA and Family and Medical Leave Act (FMLA)

Although the fifth claim alleges, for the most part, violations of the ADA (R. 12, PageID #: 98-100, ¶¶ 135-146), Thompson also explicitly references the FMLA.  The defendants move to dismiss Thompson's FMLA claims in Claim Five of the Amended Complaint for lack of subject-matter jurisdiction.  (R. 16-1, PageID #: 134.)  Thompson asserts that he requested and

---

5  The EEOC complaint also alleged discrimination on the basis of Thompson's religion, but he does not allege religious discrimination in the amended complaint before this court.

was denied time off work to accommodate a medical procedure for a disability.  *Id.* at 99-100, ¶¶ 141-142.  He also alleges retaliation under the FMLA,  claiming he "received unwarranted disciplinary actions, including, a suspension, from his employment in retaliation for exercising his rights under the FMLA ... and/or in order to interfere with [his] right to FMLA and ADA and hereby sues the Defendants for violation of 29 U.S.C. § 2601, *et seq*."  *Id.* at 100, ¶ 147.

The FMLA applies to private and federal employees through the statutory provisions in Title I and Title II.  "Title I governs leave for private employees and federal employees not covered by Title II." *Burg v. U.S. Dep't of Health and Human Servs.*, 387 F. App'x 237, 240 n.4 (3d Cir. 2010); 29 U.S.C. § 2611(2).  The defendants assert that Title II of the FMLA governs Thompson's employment because he is a federal civil service employee who has completed twelve months of service.  (R. 16-1, PageID #: 135, citing 5 U.S.C. §§ 6381(1)(B) and 6382(a)(1).)  Title II does not expressly waive the government's sovereign immunity; thus, defendants argue, private suits to enforce its provisions are barred.  *Id.*, citing *Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1018 (9th Cir. 1999).  *Compare* 29 U.S.C. § 2617(a)(2) *with* 5 U.S.C. §§ 6381-6387.

The court in *Sullivan-Obst* described the distinction between Title I and Title II as follows:

> The FMLA grants private and federal employees periods of leave for certain family or health related events.  Title I of the FMLA governs private sector and federal employees with less than 12 months of service. 29 U.S.C. §§ 2601 *et seq.* Title II of the FMLA governs actions relating to federal employees with more than 12 months of service. 5 U.S.C. §§ 6381 *et seq.*  While both titles guarantee the same substantive rights, Title I expressly creates a private right of action to redress violations, whereas Title II does not. *Gardner v. United States*, 1999 WL 164412, at *7 (D. D.C. Jan. 29, 1999); *accord Russell v. United State Dep't of the Army*, 191 F.3d 1016, 1018-19 (9th Cir. 1999); *Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997).

*Sullivan-Obst v. Powell*, 300 F.Supp.2d 85, 99 (D. D.C. 2004); *see also Burg*, 387 Fed. Appx at 240 (Title II does not provide private right of action); *Carlson v. White*, 133 Fed. Appx 144, 144-145 (5th Cir. 2005) (per curiam) (federal employees do not have private right of action); *Bogumill v. Office of Pers. Mgmt.*, 168 F.3d 1320, 1998 WL 486754, at *1 (Fed. Cir. Aug. 13, 1998) (per curiam) (TABLE, text in WESTLAW) (same); *Hulett v. America's Finest Serv. Co.*, No. 1:03CV2497, 2005 WL 2233261, at *2-*3 (N.D. Ohio Sept. 14, 2005).

Several federal courts of appeal have ruled that "the absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions." *Burg*, 387 Fed. Appx at 240 (quoting *Russell*, 191 F.3d at 1019, and citing *Mann*, 120 F.3d at 37); *see also Hulett*, 2005 WL 2233261, at *3.  Because a federal employee covered by Title II does not have the right to bring a civil action under the FMLA, such employee must seek redress for an alleged violation of the FMLA by filing an administrative grievance. *Hobson v. Mattis*, No. 3:16CV00774, 2018 WL 1054216, at *1 (M.D. Tenn. Feb. 26, 2018); *Hulett*, 2005 WL 2233261, at *2.

In his brief in opposition, Thompson asserts that the court does not lack subject-matter jurisdiction over his FMLA interference and retaliation claims in Claim Five "when his claims constitute an independent constitutional violation."  (R. 19, PageID #: 202.)  The relevant allegations in the amended complaint explicitly rely on the FMLA statute itself, however.  (R. 12, PageID #: at 100, ¶ 147.)  In his opposition, Thompson presents multiple arguments in support of his claim, but does not address the fundamental issue raised by defendants—his ability (or rather, inability) as a federal employee with more than twelve months of service to seek relief in this court under the FMLA. *See generally* R. 19, PageID #: 202-207.  Thompson asserts that, under both *Bullington v. Bedford Cty., Tennessee*, 905 F.3d 467 (6th Cir. 2018), and

13

*Marshall v. The Rawlings Co. LLC*, 854 F.3d 368, 372-373 (6th Cir. 2017), he may litigate his FMLA claims under the Equal Protection Clause of the Fourteenth Amendment.[6]  *Id.* at 207. Thompson's reliance on those cases is misplaced, as neither addresses the jurisdictional argument raised by defendants.

Neither *Bullington* nor *Marshall* involved a federal-employee plaintiff, thus neither court had cause to rule on the theory put forward in this case by the defendants.  In *Bullington*, a county employee filed an action against her county employer and supervisor alleging disparate treatment in violation of the ADA, state law, and the Fourteenth Amendment.[7]  *Bullington*, 905 F.3d 467.  The court concluded that Congress did not intend, by enacting the ADA, to preclude Section 1983 claims for disability discrimination, and held that Bullington could assert an equal protection claim for disability discrimination under Section 1983.  *Id.* at 473, 478.  Subject-matter jurisdiction over a federal employee's FMLA claims was not an issue before the court. *See, e.g., id.* at 469.

In *Marshall*, the plaintiff sued a private-sector employer alleging claims of FMLA interference, FMLA retaliation, ADA retaliation, and intentional infliction of emotional distress. *Marshall*, 854 F.3d at 372-373.  There is no question that private-sector employees who meet the FMLA's statutory prerequisites are entitled to bring suit for FMLA violations.  29 U.S.C. §§ 2611-19.  The Sixth Circuit applied the *McDonnell Douglas* burden-shifting framework to plaintiff's FMLA retaliation claim, and found that issues of material fact precluded summary judgment.  *Marshall*, 854 F.3d at 382-384.  The court also found that the plaintiff lacked evidence that the employer had failed to provide FMLA leave or reinstatement after leave and

---

6  The court addresses Thompson's Fourteenth Amendment claims in the next section.
7  No FMLA claim was alleged.  *See Bullington*, 905 F.3d at 469.

14

determined the district court properly dismissed the interference claim. *Id.* at 385. Again, however, subject-matter jurisdiction over a federal employee's FMLA claims was not an issue in *Marshall*, and was not addressed. *See, e.g.*, *Marshall*, 854 F.3d at 376.

Thompson has failed to carry his burden of establishing the court's subject-matter jurisdiction. *See generally Nichols*, 318 F.3d at 677; *Hedgepeth*, 215 F.3d at 611; *Ryan v. McDonald*, 191 F.Supp.3d 729, 735 (N.D. Ohio 2016). Because Thompson is a federal employee covered by FMLA's Title II, which does not create a private right of action nor waive federal sovereign immunity, the court lacks subject-matter jurisdiction over his FMLA claim in Claim Five, and it should be dismissed. *Burg*, 387 Fed. Appx at 240; *Carlson*, 133 Fed. Appx at 144; *Hobson*, 2018 WL 1054216, at *1; *Hulett*, 2005 WL 2233261, at *3.

## IV.    Claims Under the Fourteenth Amendment, Section 1981 And Section 1983

Plaintiff's third, fourth and fifth claims in the amended complaint are against one or more of the defendants, the VA, Gaj, and Speronoga, and rely in whole or in part on alleged violations of the Fourteenth Amendment's equal protection clause and 42 U.S.C. §§ 1981 and 1983. (R. 12, PageID #: 94, 96, 98, ¶¶ 112, 122, 133.) Defendants Gaj and Speronoga are named in their official capacity (R. 12, PageID #: 71, 74), and a suit against an official in his official capacity is essentially a suit directly against the government unit. *Leach*, 891 F.2d at 1245; *Turner*, 824 F.Supp.2d at 112. Here too, the undersigned recommends dismissal of Claims 3, 4, and 5. The Fourteenth Amendment applies against a State or a state actor, but no relief is available in a suit against the federal government for an alleged Fourteenth Amendment violation. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987); *Shelley v. Kraemer*, 334 U.S. 1, 8 (1948) (14th Amendment by its terms applies only to the States).

The same is true of 42 U.S.C. § 1983, which covers person acting under color of state law, but does not reach actions of the federal government or its officers. *District of Columbia v. Carter*, 409 U.S. 418, 424-425 (1973); *Walber v. U.S. Dep't of Hous. & Urban Dev.*, 897 F.2d 530, 1990 WL 19665, at *2 (6th Cir. 1990) (TABLE, text in WESTLAW); *John's Insulation, Inc. v. Siska Const. Co.*, 774 F.Supp. 156, 161 (S.D. N.Y. 1991); *see generally Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (plaintiff must allege deprivation of a federal right by person acting under color of state law). In addition, Thompson asserts claims under Section 1981, which prohibits discrimination on racial grounds, but is likewise barred by the doctrine of sovereign immunity. *Nguyen v. McHugh*, 65 F.Supp.3d 873, 905 (N.D. Cal. 2014), *aff'd*, 722 Fed. Appx 688 (9th Cir. 2018); *Turner*, 824 F.Supp.2d at 113; *Lynn v. U.S. Dep't of HHS*, 583 F.Supp. 532, 534 (S.D. N.Y. 1984).

Thompson's opposition brief seeks to preserve his claims by arguing that the defendants are not entitled to immunity under the Eleventh Amendment. (R. 19, PageID #: 199-202.) Although Thompson is correct that the federal defendants here would not benefit from any immunity under the Eleventh Amendment, the defendants have not raised an Eleventh Amendment argument, *see generally* R. 16, as that Amendment applies to suits against a state defendant. *See* U.S. Const. amend. XI; *see also Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890); *Carten v. Kent State Univ.*, 282 F.3d 391, 394 (6th Cir. 2002); *MacDonald v. Village of Northport, Mich.*, 164 F.3d 964, 970 (6th Cir. 1999). Likewise, Thompson's reliance on the *Ex Parte Young* doctrine is misplaced. In that case, the Supreme Court carved out an exception to Eleventh Amendment immunity, holding that a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law. *Ex parte Young*, 209 U.S. 123 (1908). Contrary to his assertion, *Ex Parte Young* does not serve as a basis for subject-

16

matter jurisdiction for any of Thompson's claims against these federal defendants.  *See, e.g.,*
*Sanzotta v. City of Ann Arbor*, No. 16-10007, 2016 WL 3878260, at \*4 (E.D. Mich. July 18,
2016) (under *Ex Parte Young* doctrine, Eleventh Amendment does not bar claims against state
officials for relief against violations of federal law, citing *Russell v. Lundergan-Grimes*, 784 F.3d
1037, 1046 (6th Cir. 2015)).  The Eleventh Amendment is not germane to this action against the
federal government.

**V.**     **Ohio Statutory Claim**

The sixth claim of the amended complaint alleges a violation of Ohio Rev. Code §
4112.02(I), based on retaliation, against defendants VA, Gaj, and Speronoga.  (R. 12, PageID #:
101-102.)  The defendants argue that the court should dismiss this state law claim.  (R. 16,
PageID #: 137; R. 20, PageID #: 228.)  As the defendants assert, correctly, federal employment
discrimination statutes are the exclusive remedy for discrimination by a federal employer.  (R.
16, PageID #: 137; *see Hunter*, 565 F.3d at 993; *Ryan*, 191 F. Supp. 3d at 736; *Nighswander*, 172
F.Supp.2d at 965.)  The sixth claim, based on Ohio law, should be dismissed for lack of subject-
matter jurisdiction.  *Ryan*, 191 F.Supp.3d at 737 (Ohio Chapter 4112—unlike Title VII—is not
the subject of any waiver of the United States' sovereign immunity).

**VI.**     **Conclusion**

After considering the Amended Complaint and the relevant filings, the defendants' partial
motion to dismiss (R. 16) should be granted.  The only claims of the amended complaint that
should survive dismissal are Plaintiff's Title VII claims based on the exhausted EEOC
complaint, No. 200H-0005-2015103805 (R. 16-3), namely his claims for racial discrimination
and hostile work environment.  Plaintiff's other allegations under Title VII have not been
administratively exhausted or are not actionable under Title VII, and should be dismissed.

17

Case: 1:18-cv-01777-CAB  Doc #: 23  Filed:  06/10/19  18 of 18.  PageID #: 251

Further, Plaintiff's third, fourth, fifth and sixth claims alleging violations of the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983, the ADA and FMLA, and Ohio Rev. Code § 4112.02 should be dismissed because they provide no subject-matter jurisdiction against the federal defendants—VA, Gaj and Speronoga—as explained above.  Moreover, Gaj and Speronoga are named as defendants in their official capacity (R. 12, PageID #: 71, 74) and a suit against an official in his official capacity is essentially a suit directly against the government unit.  *Leach*, 891 F.2d at 1245; *Turner*, 824 F.Supp.2d at 112.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date:  June 10, 2019

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).