UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY THOMPSON, | ) | CASE NO. 1:18CV1777 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| SECRETARY OF THE U.S. DEPT. OF | ) | |
| VETERANS AFFAIRS, et al., | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Defendants' Partial Motion (ECF DKT #16) to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction (Fed.R.Civ.P. 12(b)(1)) and for failure to state a claim (Fed.R.Civ.P. 12(b)(6)). On June 10, 2019, the Magistrate Judge issued his Report and Recommendation (ECF DKT #23) recommending that Defendants' Partial Motion to Dismiss be granted. On June 24, 2019, Plaintiff filed his Objections (ECF DKT #25). Having reviewed the underlying Motion and briefing, the Report and Recommendation and the Objections, the Court accepts and adopts in part the Recommendation and grants partial dismissal of the Amended Complaint as follows.

## I. BACKGROUND

Plaintiff Leroy Thompson initiated this action pro se against the Secretary of the United States Department of Veterans Affairs (VA); Steven Gaj, Chief Information Officer at the Louis Stokes VA Medical Center; and David Speronoga, Supervisor at the Louis Stokes VA Medical Center. Defendants Gaj and Speronoga are sued in their official capacity. Plaintiff's Amended Complaint was filed through counsel.

Plaintiff is an African-American male over the age of forty who has worked for the Department of Veterans Affairs in Cleveland as an Information Technology Specialist since 2004. Since 2014, Plaintiff alleges that he has been subjected to retaliation, harassment, disparate treatment and adverse employment actions because he engaged in EEOC protected activities. He alleges that he has filed four EEOC complaints and that he received a notice of right to sue on May 3, 2018.

Defendants seek dismissal of a portion of Claims One and Two under Title VII of the Civil Rights Act, 42 U.S.C. §2000e-3(a), as well as Claims Three and Four alleging claims under the Fourteenth Amendment, 42 U.S.C. §§ 1981 and 1983, Claim Five alleging claims under the American with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*. and Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq*. and Claim Six alleging claims under Ohio Rev. Code § 4112.02(I).

In the Report and Recommendation (ECF DKT #23), the Magistrate Judge found that the Court lacks subject matter jurisdiction over Plaintiff's claims as alleged under the Fourteenth Amendment, §1981 and §1983, ADA, FMLA and Ohio Rev. Code § 4112.02(I); and that Plaintiff has failed to state a cause of action for claims under Title VII that have not been exhausted.

Plaintiff objects to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies regarding his Retaliation claim. Plaintiff also objects to the finding that he does not have an Age Discrimination claim. Lastly, Plaintiff disagrees that the Court lacks subject matter jurisdiction over his ADA and FMLA claims and his cause of action for violation of the Fourteenth Amendment.

## II. LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the district court judge to address objections by conducting a *de novo* review of relevant evidence in the record before the magistrate judge. Parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

**Plaintiff's Objections**

**Retaliation**

Plaintiff objects to the Magistrate Judge's conclusion that his Retaliation claim was

not exhausted. The Court finds that the Magistrate Judge made an error in the Report and Recommendation; however, it was most likely a scrivener's error.

At pages 10-11 of the Report and Recommendation (ECF DKT #23), the Magistrate Judge states:

> Therefore, it is recommended that the Title VII claims that were not raised in Agency Case No. 200H-0005-2015103805 be dismissed for failure to exhaust administrative remedies.
> In his exhausted EEOC complaint, No. 200H-0005-2015103805, Thompson raised claims of discrimination on the basis of race, alleging hostile work environment and retaliation, during April 2015 through August 2015.

However, on page 17 the Magistrate Judge concludes: "The only claims of the amended complaint that should survive dismissal are Plaintiff's Title VII claims based on the exhausted EEOC complaint, No. 200H-0005-2015103805 (R.16-3), namely his claims for racial discrimination and hostile work environment."

The Magistrate Judge's omission of Plaintiff's Retaliation claim in the list of surviving, exhausted claims is erroneous. The Court upholds Plaintiff's objection and specifically finds that his exhausted Retaliation claim is not dismissed.

**Age discrimination**

Plaintiff objects to the Magistrate Judge's determination that his Age Discrimination claim is not actionable under Title VII.

The Age Discrimination in Employment Act of 1967, § 2 *et seq.*, 29 U.S.C.A. § 621 *et seq.* (ADEA) "bans age discrimination in employment against persons over 40, 29 U.S.C. §§ 623(a)(1), 631(a), and likewise provides the exclusive remedy for federal-employment age-discrimination claims." *Hunter v. Secretary of the U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009), citing *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006).

In his Objections (ECF DKT #25 at 5-6), Plaintiff recites the allegations of Age Discrimination made in his Amended Complaint and notes that the claims were part of his EEOC filings. Yet, Plaintiff concedes that his Amended Complaint does not reference the ADEA. (*Id*. at 6).

The ADEA is the exclusive source of Plaintiff's remedy for Age Discrimination; and the ADEA, not Title VII, applies to federal workers such as Plaintiff. The Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's Title VII Age Discrimination claim. Plaintiff's objection is without merit.

**Disability**

In the Report and Recommendation, the Magistrate Judge notes that it is the Rehabilitation Act, 29 U.S.C. § 794(a), and not the ADA, which provides federal employees with the means to assert disability discrimination in federal court. *Jones vs. Potter*, 488 F.3d 397, 403 (6th Cir. 2007). Thus, the Magistrate Judge recommends dismissal of Plaintiff's ADA Disability Discrimination claim.

The Magistrate Judge also discusses Plaintiff's FMLA allegation that he was denied time off work to accommodate a medical procedure for a disability. Title I of the FMLA applies to private sector and federal employees with less than 12 months of service. Title II governs when a federal employee has more than 12 months of service, as is the case with Plaintiff. Title I expressly creates a private right of action to redress violations, but Title II does not. *Sullivan-Obst v. Powell*, 300 F.Supp.2d 85, 99 (D.D.C. 2004); see also *Hulett v. America's Finest Serv. Co.*, No. 1:03CV2497, 2005 WL 2233261, at *2-3 (N.D.Ohio Sept. 14, 2005). Therefore, the Magistrate Judge concluded that the Court lacked subject matter

jurisdiction over Plaintiff's FMLA claim.

Plaintiff objects and asserts that the Court does not lack jurisdiction over his disability claims. Plaintiff asks the Court to consider *Bullington v. Bedford County, Tennessee*, 905 F.3d 467 (6th Cir. 2018) and *Marshall v. The Rawlings Company LLC*, 854 F.3d 368 (6th Cir. 2017).

In *Marshall*, a private sector employee sued under the FMLA and the ADA, and the court analyzed the "cat's paw" theory of liability. Under that theory, an employer may be held liable for discrimination based upon the animus of a supervisor who is not the ultimate decisionmaker. Since Plaintiff is a federal worker employed by the Department of Veterans Affairs, *Marshall* is not germane.

In *Bullington*, a county worker alleged that the sheriff's department (her employer) violated her Fourteenth Amendment right to be free from discrimination and retaliation based upon her illness/disability. The Sixth Circuit opined that Congress did not intend for the ADA to be the exclusive vehicle for a disability discrimination claim or a substitute for § 1983 suits to enforce constitutional rights. 905 F.3d at 478.

However, the Court must emphasize that the Fourteenth Amendment by its terms applies only to the States and state actors. *Shelley v. Kraemer*, 334 U.S. 1 (1948). Although Fourteenth Amendment protections potentially presented avenues of relief for the plaintiff in *Bullington*, Plaintiff is a federal worker seeking recovery from a federal agency. Plaintiff is barred from recovering for disability discrimination under the Fourteenth Amendment's Equal Protection Clause.

The Court agrees with the Magistrate Judge's recommendation that the Court lacks

subject matter jurisdiction over Plaintiff's claims alleging violations of the Fourteenth Amendment, 42 U.S.C. §§ 1981 and 1983, the ADA and FMLA; and Plaintiff's Objection therefore fails.

### III. CONCLUSION

For these reasons, the Court accepts and adopts in part the Magistrate Judge's Report and Recommendation (ECF DKT #23) and grants Defendants' Partial Motion (ECF DKT #16) to Dismiss the Amended Complaint as follows:

Plaintiff's Title VII Claims based on the exhausted EEOC complaint, i.e., race discrimination, hostile work environment and retaliation, survive dismissal.

Plaintiff's Title VII Age Discrimination Claim is dismissed. Plaintiff's ADA Disability Discrimination Claim is dismissed. The Court lacks subject matter jurisdiction over Plaintiff's Third, Fourth, Fifth and Sixth Claims against federal Defendants, VA, Gaj and Speronoga, for violations of the FMLA, Ohio Revised Code § 4112.02 and the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. §§ 1981 and 1983.

**IT IS SO ORDERED.**

**DATE: December 4, 2019**

    s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**