UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY THOMPSON, | ) | Case No. 1:18CV1777 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| SECRETARY OF THE | ) | |
| U. S. DEP'T OF | ) | |
| VETERANS AFFAIRS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | REPORT AND RECOMMENDATION |

Plaintiff Leroy Thompson ("Thompson") filed an initial complaint *pro se* against the Secretary of the United States Department of Veterans Affairs (VA or defendant). (R. 1.)[1] Through counsel, he filed a timely First Amended Complaint against the VA and two additional defendants in their official capacity (collectively "defendants"). (R. 12, PageID #: 71, 74.). The defendants filed a Partial Motion to Dismiss (R. 16), and the court ruled the only claims to survive dismissal were the Title VII claims against the VA that had been exhausted in EEOC complaint No. 200H-0005-2015103805 ("the 3805 charge"), filed July 18, 2015 (R. 16-4; R. 16-5), *i.e.*, race discrimination, hostile work environment, and retaliation, survived dismissal. (R. 29, PageID #: 323, 326.)

---

[1] This case is before the undersigned United States Magistrate Judge pursuant to a referral for pretrial supervision. (R. 3.)

Before the court had ruled on the Partial Motion to Dismiss, however, Thompson filed a Motion for Leave to file a Second Amended Complaint.  (R. 26.)  Thompson primarily based his motion on the issuance of an EEOC administrative ruling dated July 30, 2019, holding that he had exhausted administrative remedies regarding EEOC complaint No. 200H-0005-2018102350 ("the 2350 EEOC charge"), filed May 15, 2018 (R. 16-6).  (R. 26-1, PageID #: 270.)  Thompson also attempted to press new claims.  Although the VA opposed the motion for leave to file new claims, it asserted:

> Thompson's amendment to the complaint should be limited to adding only those claims set forth in the formal complaint submitted to the agency for investigation [in the 2350 EEOC charge] … which were whether Thompson was subjected to a hostile work environment based on reprisal for prior EEO activity when:
>
> 1) From January 13, 2016, to the present he was subjected to a hostile work environment with respect to having to report when arriving and departing, false accusations being given a Report of Contact, intimidation, being made to clean up messes made by others, not being provided with training and professional development; and
>
> 2) When on January 22, 2018, Thompson was marked AWOL, even though he had made prior arrangements.

(R. 28, PageID #: 309-10.)  The VA further stated "Claim 2 was accepted as an independently actionable claim of discrimination (disability).  Therefore, the VA does not object to Thompson amending the complaint to include the claim of reprisal and disability discrimination…." *Id.* at 310.

The court granted in part, and denied in part, the motion for leave.  (R. 30).  Because the proposed "Second Amended Complaint" (R. 26-3) was drafted before the court ruled on the motion to dismiss, however, it was unacceptable as proposed.  (R. 30, PageID #: 332.)  Thompson was granted leave to assert the claims permitted after the court's ruling on the motion

2

to dismiss, *see* R. 29, PageID #: 326, and claims exhausted by the 2350 EEOC charge (R. 16-6, PageID #: 179-180), *i.e.*, retaliation, hostile work environment, and disability discrimination. (R. 30, PageID #: 332-333.) The court ruled that any other claims were not filed within the January 15, 2019, deadline to amend the pleadings, and would not be entertained. *Id.* at 332.

Thompson subsequently filed a Second Amended Complaint (R. 31, or "SAC") asserting the following three claims against the VA:

1. Race discrimination and retaliation, in violation of Title VII, 42 U.S.C. § 2000c-3(A) (R. 31, PageID #: 355-359);

2. Hostile work environment discrimination, in violation of Title VII, 42 U.S.C. § 2000c-3(A) (R. 31, PageID #: 359-360); and,

3. Disability discrimination and retaliation (R. 31, PageID #: 361-364).

(R. 31, PageID #: 355-364.) The VA has filed a Motion to Strike the SAC, and a Partial Motion to Dismiss. (R. 32.) Thompson opposes the motion. (R. 34.).

I. PARTIAL MOTION TO DISMISS

The VA has moved to dismiss Count Three of the SAC, which alleges disability discrimination and retaliation. (R. 32-1, PageID #: 375-377.) Changing course, it now asserts that it erred when conceding that the 2350 EEOC charge included a disability discrimination claim and further argues that Thompson's claim should be dismissed as unexhausted. (R. 32-1, PageID #: 375; *but see* R. 28, PageID #: 310 ("Claim 2 was accepted as an independently actionable claim of discrimination (disability).")

Civil Rule 12(b)(6) allows for dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Ashcroft v. Iqbal*, the Supreme Court summarized the new "plausibility" standard for dismissal under Rule 12(b)(6) as follows: "To

3

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)).

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of the motion, accept all factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997).

The SAC alleges that Thompson was marked AWOL on January 22, 2018, after he had allegedly received pre-approval from his supervisor to take time off work due to his alleged disability (back injury). (R. 31, ¶ 48, PageID #: 344.) Thompson's 2350 EEOC charge was accepted via a Notice of Acceptance dated July 10, 2018, stating specifically that the "independently actionable claim in paragraph 4 is also ACCEPTED for investigation." (R. 16-5, PageID #: 180; *see also* R. 32-3, PageID #: 383 (same).) The Notice states that the referenced claim in paragraph 4 was: "When on January 22, 2018, complainant was marked AWOL, even though he had made prior arrangements." *Id.* Although the defendant now disputes that the claim alleged disability discrimination, the court finds defendant's previous assertion waived such argument for purposes of a motion to dismiss. Further, when construing the complaint in the light most favorable to plaintiff, the court finds that Thompson has plausibly pleaded that the 2350 EEOC charge stems from the same facts as alleged in the SAC, and defendant has failed to show as a matter of law that Plaintiff's disability discrimination claim in Count Three must be

4

dismissed as unexhausted. Consequently, the undersigned recommends denying the defendant's partial motion to dismiss, because such arguments are more appropriately addressed on the merits of a full record.

## II. MOTION TO STRIKE

The defendant also moves to strike all or, in the alternative, portions of the SAC pursuant to Fed. R. Civ. P. 12(f), contending that the SAC asserts claims not permitted by the the court's order granting in part and denying in part leave to file the SAC. (R. 32-1, PageID #: 373-374; *see generally* R. 30.)

Civil Rule 12(f) permits the court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819 (6th Cir. 1953)); *see also BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("extreme and disfavored measure"); *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985) (disfavored) (citing cases). Striking a portion of a pleading is a "drastic remedy," which is used sparingly. *Dunbar & Sullivan Dredging Co. v. John R. Jurgensen Co.*, 44 F.R.D. 467, 472 (S.D. Ohio 1967), *aff'd*, 396 F.2d 152 (6th Cir. 1968); *Cronovich v. Dunn.*, 573 F.Supp. 1330, 1338 (E.D. Mich. 1983).

A motion to strike may be granted when it aids in eliminating spurious issues, thereby streamlining the litigation. *Operating Engineers*, 783 F.3d at1050; *Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1047 (W.D. Tenn. 2011). However, a motion to strike

5

should not be used as a vehicle to determine disputed and substantial questions of law or fact. *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp.3d 818, 823 (E.D. Mich. 2015), *aff'd*, 867 F.3d 692 (6th Cir. 2017) (motion should not be granted if it raises factual issues that should be determined on the merits).

The VA's motion discusses four specific types of allegations when asserting that the SAC includes claims not permitted by the court's previous orders. (R. 32-1, PageID #: 373-374.) The court will address each in turn.

### A. Disability Discrimination

Similar to the above argument for dismissal, the VA now contends that Thompson's disability discrimination claim has not been exhausted and moves to strike allegations relating to the same. *Id.* at 374, citing R. 31, ¶¶ 22, 44-100, 128-144. In light of the VA's declination to oppose amendment to include the disability discrimination claim, the court recommends finding that a motion to strike is an ill-suited procedure to address their argument.

In addition, when addressing the merits of the motion to strike, the court recommends that it be denied. Examining the defendant's cited paragraphs, paragraph 22 of the SAC alleges that Thompson was denied additional training and requests for professional development, without alleging the reason. (R. 31, ¶ 22, PageID #: 339.) The motion to strike should be denied as to this paragraph. Paragraphs 44-45 allege that Thompson suffered a serious back injury related to his work, reported it to the VA, and filed a workers' compensation claim, which was accepted. (R. 31, ¶¶ 44-45, PageID #: 343.) Thompson alleges that he sought and received preapproval for medical leave related to his back injury. *Id.* at ¶ 46. Additionally, he alleges that he submitted a doctor's note on January 8, 2018, that restricted his ability to work as follows:

6

"Patient can work in a sedentary position only . . . no lifting, pulling or pushing over ten pounds." *Id.* at ¶ 47. The doctor allegedly recommended that "Thompson would not be available for full work duties without restrictions until February 22, 2018," approximately six weeks later. *Id.*

The SAC then alleges the following:

48. On January 22, 2018, Thompson was falsely marked as Absent Without Official Leave ("AWOL") by management after when he received preapproval from his supervisor to off [sic] work due to his health.

49. On February 6, 2018, the Center for Orthopedic Surgery notified the VA in writing that Thompson was under its medical care and treatment for his disabling back injury. After submitting the disability documentation to the VA, on that same date, Thompson was accused of violating VA's AWOL policy after he wrote to his supervisor asking for sick and/or medical leave because of his severe back pain.

\* \* \* \* \* \*

51. Thompson took days off work for medical treatment for his back injury or disability with supervisory preapproval. After returning to work, Thompson was disciplined by [Steven] Gaj.[2]

52. On or about February 6, 2018, Thompson received a Report of Contact that accused him [of] violating VA time and attendance policy.

53. On February 7, 2018, Thompson sought EEO counseling in writing related to his back disability and false claim of being AWOL (Agency No. 200H-0005-2018102350). At that time, Thompson alleged disability discrimination, retaliation and hostile work environment against Gaj and David Spernoga ("Spernoga"), a supervisory IT specialist and Thompson's immediate supervisor.

54. On or about February 8, 2018, Thompson was given a proposed Temporary Modified-Duty Assignment ("Assignment") for the period from February 8, 2018 to February 28, 2018 that was noncompliant with the written medical restrictions from Thompson's physician, Dr. LoPresti from January 10, 2018.

---

2  Gaj was one of Thompson's supervisors. *See* R. 12, PageID #: 74.

> 55. At that time, Thompson believed that the VA did not bother engaging in a good faith attempt at the proper interactive process under the law and Processing Request for Reasonable Accommodations for Employees and Applicants with Disabilities ("VA-RA policy").
>
> 56. On or about February 14, 2018, Thompson refused in writing to accept that Assignment because Thompson believed it would re-aggravate his back injury and disability, and that the proposed Assignment failed to comply with and/or respect Dr. LoPresti's medical recommendations for Thompson's disability.
>
> 57. On that same date, Thompson was told by Spernoga that he had to report to him when he leaves and comes back to the front desk while he was on restricted work duty. To Thompson's knowledge, no other employee in OI&T had ever been required to report daily or hourly to a supervisor when they had a known disability.

(R. 31, ¶¶ 48-49, 51-57, PageID #: 344-345.)

The May 15, 2018, EEOC charge ("the 2350 EEOC charge") included a claim of discrimination based on retaliation, and hostile work environment "including the following independently actionable claim: When on January 22, 2018, complainant was marked AWOL, even though he had made prior arrangements." (R. 16-6, PageID #: 179-180, Agency Case No. 200H-0005-2018102350; *see also* R. 32-3, PageID #: 382-383 (same).) Although defendant now contends it erred when conceding the 2350 EEOC charge asserted a disability discrimination claim, and moves the court to strike the above-referenced assertions from the SAC (R. 32-1, PageID# 370), such argument invites the court venture beyond the pleadings and assess the merits of Plaintiff's claims. Without adjudicating the merits of the allegations at this point, *Hemlock Semiconductor*, 116 F. Supp.3d at 823, the court finds that the contested allegations plausibly relate to the 2350 EEOC charge, and the motion to strike should be denied as to paragraphs 44 through 57 of the SAC.

Similarly, the allegations in Count Three of the SAC allege a claim of disability discrimination and retaliation, based on the factual allegations outlined above. (R. 31, ¶¶ 128-144, PageID #: 361-364.) While the court denied plaintiff leave to amend to bring "wholly new causes of action under the Rehabilitation Act," Plaintiff has plausibly pleaded that the allegations of Count Three are based on the exhausted pre-existing 2350 EEOC charge. Again, without adjudicating the merits of the claims at this point, *Hemlock Semiconductor*, 116 F. Supp.3d at 823, the motion to strike should be denied as to paragraphs 128 through 144 of the SAC.

### B. FMLA Claim

The defendant contends that "allegations related to Thompson's FMLA claim, asserted in the FAC and dismissed by the Court, should not be included in the SAC." (R. 32-1, PageID #: 374, citing R. 31, ¶¶ 41-100.) The court has already ruled that it lacks subject-matter jurisdiction over Thompson's FMLA claim. (R. 30, PageID #: 324-325, 326.) The SAC does not attempt to re-plead an impermissible FMLA claim. Rather, the averments defendant challenges can reasonably be read to provide background for his other employment-related claims; and, therefore, paragraphs 41 through 58 and 62 through 100 should not be stricken. The allegations in paragraphs 59 through 61, although specifically referencing Thompson's FMLA application, do not rise to the level of "redundant, immaterial, impertinent, or scandalous matter" that should be stricken from the pleading. Fed. R. Civ. P. 12(f). (R. 31, ¶¶ 59-61, PageID #: 346).

### C. Age Discrimination

The VA also argues that "any reference to Thompson's claim of age discrimination in the SAC should likewise be stricken in accordance with the court's ruling dismissing Thompson's

9

age discrimination claim." (R. 32-1, PageID #: 374, citing, *e.g.,* R. 31, ¶¶ 12, 14, 22, 114-116).[3] The court dismissed the age discrimination claims asserted in the First Amended Complaint (R. 29, PageID #: 324). In granting leave to amend, the court ruled that any age discrimination claim under the ADEA would be untimely and not permitted (R. 30, PageID #: 332). The averments challenged here by the VA are included as background allegations (*see* R. 31, ¶¶ 11, 14, 22) or within plaintiff's race discrimination claim (*e.g.*, averments regarding "younger and non-black staff employees," R. 31, ¶ 114, PageID #: 358; "significantly younger and non-black peers with OI&T" *id.* at ¶¶ 115, 116). Although they reference age, Plaintiff has not pleaded an age discrimination claim; and, therefore, the undersigned recommends denying the motion to strike as it relates to these isolated references to Thompson's age as well as "younger" and "significantly younger" employees.

## D. Constructive Discharge

The defendant contends that "Thompson's references to forced retirement, *i.e.*, constructive discharge, is a new unexhausted claim not permitted by the Court's order." (R. 32-1, PageID #: 374, citing, R. 31, ¶¶ 94, 139.) In granting leave to file the SAC, the court asserted that new claims would be barred as untimely. (R. 30, PageID #: 328, 332). The allegations cited by the VA are not part of a discrete constructive discharge claim, however. Rather, such allegations can reasonably be construed as limited to Plaintiff's alleged damages; and therefore, defendant's motion to strike paragraphs 94 and 139 should not be granted.

---

[3] Defendant, it appears, intended to cite Paragraph 11, which avers Plaintiff is over forty years old, rather than Paragraph 12, which makes no reference to age. Paragraph 14 asserts Plaintiff filed a past age-related claim; paragraph 22 asserts Thompson sought "training in order to excel like his younger non-black peers."

### III.  CONCLUSION

The undersigned recommends denying the motion to strike and the partial motion to dismiss in their entirety. (R. 32).

As explained above, the allegations in paragraphs 12, 14, 22, and 114 through 116 referencing Thompson age and past age-related claims do not assert an actionable age discrimination claim; and the references to "younger" persons are *de minimis*.  In addition, the allegations of disability discrimination and retaliation (R. 31, ¶¶ 22, 41-58, 128-144) plausibly relate to the claims exhausted by the above-referenced 2350 EEOC charge.  The assertions in paragraphs 41 through 100, 118 and 128 do not allege an impermissible FMLA claim and need not be stricken from the pleading.  Furthermore, the averments referencing Thompson's alleged forced retirement, in R. 31, ¶¶ 94, 139, do not assert an impermissible constructive discharge claim that should be stricken from the pleading, but the court can reasonably construe them as relating to plaintiff's alleged damages.

Date:   June 12, 2020                                    /s/ David A. Ruiz
                                                         David A. Ruiz
                                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72(a); LR 72.3(a).  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).