**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LEROY THOMPSON,** ) | CASE NO. 1:18CV1777 |
| ) | |
| **Plaintiff,** ) | SENIOR JUDGE |
| ) | CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | OPINION AND ORDER |
| **SECRETARY OF THE U.S. DEPT. OF** ) | |
| **VETERANS AFFAIRS,** ) | |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #51) of Plaintiff for Partial Summary Judgment on Count Three of the Second Amended Complaint - Disability Discrimination and Retaliation; and upon the Cross-Motion (ECF DKT #52) of Defendant for Summary Judgment, asserting that Count Three is not properly before the Court and that Plaintiff has failed to establish a prima facie case for Race Discrimination, Retaliation and Hostile Work Environment in Counts One and Two of the Second Amended Complaint.

In the Report & Recommendation (ECF DKT #64), the Magistrate Judge recommends denying Plaintiff's Partial Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment in its entirety. For the following reasons, the Court adopts the Magistrate Judge's Report & Recommendation and dismisses the above-captioned case.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court will recite the relevant factual and procedural background; but for a detailed discussion, see the Magistrate Judge's Report & Recommendation (ECF DKT #64).

Plaintiff Leroy Thompson initiated this action *pro se* against the Secretary of the

United States Department of Veterans Affairs (VA); Steven Gaj, Chief Information Officer at the Louis Stokes VA Medical Center; and David Speronoga, Supervisor at the Louis Stokes VA Medical Center.  Through counsel, Plaintiff filed a timely First Amended Complaint.

Plaintiff is an African-American male over the age of forty who has worked for the Department of Veterans Affairs in Cleveland as an Information Technology Specialist since 2004.  Since 2014, Plaintiff alleges that he has been subjected to retaliation, harassment, disparate treatment and adverse employment actions because he engaged in EEOC-protected activities.  Plaintiff alleges that he has filed four EEOC complaints and that he received a notice of right to sue on May 3, 2018.

On March 1, 2019, Defendants filed a Motion to Dismiss a portion of Claims One and Two of the First Amended Complaint under Title VII of the Civil Rights Act, 42 U.S.C. §2000e-3(a); as well as Claims Three and Four alleging claims under the Fourteenth Amendment, 42 U.S.C. §§ 1981 and 1983; Claim Five alleging claims under the American with Disabilities Act (ADA) 42 U.S.C. § 12101, *et seq.* and Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*; and Claim Six alleging claims under Ohio Rev. Code § 4112.02(I).

On December 4, 2019, upon consideration of the Magistrate Judge's recommendation, the Court ruled as follows:

I. Plaintiff's Title VII Claims based on the exhausted EEOC complaint, i.e., race discrimination, hostile work environment and retaliation, survive dismissal.

II. Plaintiff's Title VII Age Discrimination Claim is dismissed.  Plaintiff's ADA Disability Discrimination Claim is dismissed.  The Court lacks subject matter jurisdiction

over Plaintiff's Third, Fourth, Fifth and Sixth Claims against federal Defendants, VA, Gaj and Speronoga, for violations of the FMLA, Ohio Revised Code § 4112.02 and the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. §§ 1981 and 1983.

Therefore, only EEOC Complaint No. 200H-0005-20103805 ("3805") for race-based discrimination, hostile work environment and retaliation from April 2015 through August 2015 was properly before the Court.

On August 5, 2019, Plaintiff filed a Motion (ECF DKT #26) for Leave to file a Second Amended Complaint. On January 14, 2020, the Magistrate Judge granted leave to amend, limiting amendment to the claims permitted after the Court's ruling on Defendants' Motion to Dismiss. (ECF DKT #30). Leave was granted to file a Second Amended Complaint alleging claims based on the 3805 claim; and claims based on the exhausted EEOC Complaint No. 200H-05-2018102350 ("2350") filed May 15, 2018, for discrimination based on reprisal for prior EEOC activity. "Any other proposed amendments to the FAC, such as reviving abandoned ADEA claims or bringing wholly new causes of action under the Rehabilitation Act, were not timely filed by the January 15, 2019 deadline to amend the pleadings, and Plaintiff has not shown that justice so requires further leave be granted." (*Id.* at 6).

Plaintiff filed his Second Amended Complaint on January 31, 2020, asserting three causes of action:

1. Race Discrimination and Retaliation
2. Hostile Work Environment Discrimination
3. Disability Discrimination and Retaliation after requesting accommodations

Although originally acquiescing to the proposed amendment, Defendant now filed a

Motion to Strike or Alternatively, to Dismiss portions of the Second Amended Complaint. (ECF DKT #32). Defendant asserted that Plaintiff's Disability Discrimination and Retaliation Claim in Count Three was not administratively exhausted in either his EEOC Complaint 3805 or EEOC Complaint 2350. Nor was Disability Discrimination expected to grow out of the investigation of those stated charges.

The Magistrate Judge recommended denial of Defendant's Motion without prejudice, finding that "such arguments are more appropriately addressed on the merits of a full record." The Recommendation was adopted in full on July 14, 2020. (ECF DKT #37).

On December 1, 2020, Plaintiff filed a Motion (ECF DKT #51) for Partial Summary Judgment on his Disability Discrimination and Retaliation Claims. In support of his Motion, Plaintiff references a portion of the Magistrate Judge's Order on amending the Complaint for a second time: "[Thompson] may also include claims based on exhausted EEO Complaint No. 200h-005-2018102350, filed May 15, 2018, . . . *i.e.*, hostile work environment, based on retaliation, and disability discrimination."

Defendant moved for summary judgment in its favor on the entirety of Plaintiff's Second Amended Complaint on December 1, 2020. (ECF DKT #52). Specifically regarding the Count Three - Disability Discrimination Claim under the Rehabilitation Act, Defendant contends: " In the two EEO Cases that were exhausted and that are properly before the court, Case No. 103805 and Case No. 102350, [Plaintiff] did not set forth a claim for disability discrimination."

In the Report and Recommendation (ECF DKT #64), the Magistrate Judge recommends that Plaintiff's Motion for Partial Summary Judgment be denied and

-4-

Defendant's Motion for Summary Judgment be granted. Plaintiff filed timely Objections on September 10, 2021. (ECF DKT #65). Plaintiff's Objections are directed solely against the recommended dismissal of his Disability Discrimination Claim in Count Three. He does not address, in any fashion, the recommendation that summary judgment should be granted against him on Counts One and Two of his Second Amended Complaint. Defendant filed a Response on September 20, 2021. (ECF DKT #66).

## II. LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the district court judge to address objections by conducting a *de novo* review of relevant evidence in the record before the magistrate judge. Parties are not permitted at the district court stage to raise new

arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

**Summary Judgment**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." See Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record sua sponte for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir.

1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n. v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Counts One and Two of Plaintiff's Second Amended Complaint**

Count One alleges Race Discrimination and Retaliation and Count Two alleges Hostile Work Environment based on Race and Retaliation. Defendant asserts that Plaintiff has failed to make a prima facie showing and that no genuine issues of material fact preclude judgment in favor of Defendant as a matter of law. The Magistrate Judge fully analyzed the claims, the evidence and the arguments, finding that Plaintiff's claims in Count One and Count Two cannot be sustained and judgment should be granted in Defendant's favor.

In his Objections (ECF DKT #65), Plaintiff does not put forth any arguments against the recommended dismissal of his race-based discrimination claims. Therefore, the Court must assume that Plaintiff is satisfied with the Magistrate Judge's recommendation. Any further review by this Court on these issues would be duplicative and an inefficient use of the

Court's limited resources. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

**Rehabilitation Act**

The Rehabilitation Act is the exclusive means for federal employees to assert disability discrimination in federal court. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (citing *Peltier v. United States*, 388 F.3d 984, 989 (6th Cir. 2004)); *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998). Pursuant to the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). To establish a Rehabilitation Act violation, Plaintiff must show "(1) that he is disabled, (2) that he is otherwise qualified for the job, with or without reasonable accommodation, (3) that he suffered an adverse employment action, (4) that his employer knew or had reason to know of his disability, and (5) that, following the adverse employment action, either he was replaced by a nondisabled person or his position remained open" or that a similarly situated, non-protected employee was treated more favorably. *Jones v. Potter*, 488 F.3d at 404.

Prior to seeking judicial remedies, however, a plaintiff is required to exhaust his administrative remedies. *Ryan v. McDonald*, 191 F. Supp. 3d 729, 740 (N.D. Ohio 2016) (*citing Smith v. United States Postal Serv.*, 742 F.2d 257, 261-62 (6th Cir. 1984)). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [the] EEOC charge." *Lybarger v. Gates*, No. 1:10-CV- 0373, 2012 WL 1095915, at * 7 (N.D.

Ohio March 30, 2012) (citing 42 U.S.C. 2000e-5(f)(1).

An exception to this rule exists for charges that could be within the "expected scope of the investigation" and, therefore, "reasonably expected to grow out of the EEOC charge" of discrimination. *Weigel v. Baptist Hospital of E. Tenn*., 302 F.3d 367, 379 (6th Cir. 2002).

**Plaintiff's EEOC Cases**

EEOC Complaint No. 200H-0005-20103805 ("3805") covers race-based discrimination, hostile work environment and retaliation from April 2015 through August 2015. EEOC Complaint No. 200H-05-2018102350 ("2350") filed May 15, 2018, covers discrimination based on reprisal for prior EEOC activity. The parties do not dispute that both of these proceedings are exhausted and are before the Court in this action. However, Plaintiff does not allege disability discrimination in either case. Plaintiff, moreover, provides no evidence that a disability discrimination charge is within the "expected scope of the investigation" or "reasonably expected to grow out of" Complaint 3805 or Complaint 2350.

EEOC Complaint No. 200H-0005-2019100202 ("0202") alleges that Plaintiff was discriminated against based on disability and reprisal. However, the evidence does not support Plaintiff's argument that EEOC Complaint 0202 is exhausted. Plaintiff requested a hearing with the agency on 0202 on May 20, 2019, just prior to requesting leave to file a Second Amended Complaint. Plaintiff has retained separate counsel to represent him in the agency proceedings and has pursued appeals. The 0202 matter remains pending before the EEOC.

Even assuming the 0202 Complaint were exhausted, the procedural history of the

instant case demonstrates that Plaintiff was not granted leave to file an amended complaint alleging a cause of action for a violation of the Rehabilitation Act for the matters encompassed in the EEOC 0202 proceeding.  On January 14, 2020, the Magistrate Judge granted leave to file a Second Amended Complaint alleging claims based on the 3805 claim and the 2350 claim.  "Any other proposed amendments to the FAC, such as reviving abandoned ADEA claims or ***bringing wholly new causes of action under the Rehabilitation Act***, were not timely filed by the January 15, 2019 deadline to amend the pleadings, and Plaintiff has not shown that justice so requires further leave be granted." (ECF DKT #30 at 6).  (Emphasis added).

Thus, the Court holds that the EEOC Complaint 0202 for disability discrimination and reprisal is not exhausted and is not properly before the Court.  Plaintiff is not entitled to judgment in his favor on Count Three of his Second Amended Complaint.

### III. CONCLUSION

Plaintiff has not raised any objection to the recommendation that Defendant's Motion for Summary Judgment should be granted as to Counts One and Two of Plaintiff's Second Amended Complaint.  Furthermore, Plaintiff's Objections are not well-founded as to the recommended disposition of Count Three of his Second Amended Complaint.

Therefore, the Court adopts the Report & Recommendation (ECF DKT #64) in full, denies Plaintiff's Partial Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment in its entirety.  For these reasons, the above-captioned case is dismissed.

**IT IS SO ORDERED.**

DATE:  9/30/21          s/Christopher A. Boyko
                        CHRISTOPHER A. BOYKO

**Senior United States District Judge**